## THE MARININ.

### READ v. THE MARININ.

#### (*Circuit Court, S. D. New York.* November 11, 1887.)

1. SHIPPING—DAMAGE TO CARGO—SALE—CONDUCT OF.
   A damaged cargo of licorice root, consisting of 2,112 bundles, was sold by the libelant at auction. At the sale only 250 bundles were exposed to inspection. But one bidder was called as a witness in the proceedings against the vessel for damages, and he refused to give the name of the person for whom he made the bid. The purchaser who bought the entire lot was present at the hearing before the commissioner, but he was not put upon the stand. The extent of the injury to the cargo was involved in a sharp conflict of testimony. There was no dispute as to the market value of good licorice at the time of the sale. *Held,* that the sale, so conducted, did not supply a fair criterion of value, and that the conclusions of the district judge and the commissioner as to the libelant's damages would not be revised on appeal, their correctness depending wholly upon the credibility of the witnesses examined before them.

2. SAME—DAMAGE TO CARGO—SALE—EXPENSES.
   Expenses incident to the auction sale of a damaged cargo, and for the services of experts employed by the libelant, are not elements of damage against the vessel.

In Admiralty. On appeal from district court, 28 Fed. Rep. 664, modified.

*Lorenzo Ullo,* for claimants.

*Josiah Hyland,* for libelant.

WALLACE, J. The libel in this case was filed to recover damages for alleged injuries to a cargo of licorice root, consisting of 2,112 bundles, consigned to the libelant, arising in the course of transportation and unloading of the cargo.

This appeal presents only a question of fact as to the extent of the injuries, and the consequent damages sustained by the libelant. This question has been considered by the judge of the district court and by the commissioner to whom, by the interlocutory decree of that court, it was referred to ascertain and report the damages. The question of fact is involved in a sharp conflict of testimony, and this court cannot undertake to revise the conclusions of the district judge and of the commissioner, the correctness of which depends wholly upon the credibility of the witnesses examined before them. The libelant relies with great confidence upon the effect of the sale of the licorice root at auction, as showing the extent of the injuries by showing its then commercial value, there

being no dispute, substantially, as to what its market value would have been if it had been delivered in proper condition. Such sales, when fairly conducted, afford strong evidence of the market value at the time. They do not, however, supply an infallible criterion of value. They are readily susceptible of collusive practices, and when the circumstances create a reasonable suspicion that such practices took place, but little reliance can be placed upon the evidence.

In the present case the whole lot of licorice root was not exhibited at the sale, but 250 bundles were brought out upon the sidewalk, and exhibited as a sample of the rest. The purchaser who bought the entire lot, although present before the commissioner, was not called as a witness by the libelant. Another person who made a bid at the sale was called as a witness; but he refused to give the name of the party for whom he was acting in making the bid. He was the only bidder called. Both the district judge and the commissioner were convinced, by the testimony of the witnesses examined before them relative to the extent of the injuries to the licorice root, that the price obtained at the auction sale did not fairly represent its then commercial value. They were doubtless satisfied that the lot placed on the sidewalk for exhibition to bidders did not fairly represent the condition of the whole, and that the sale was conducted in the interest of the libelant in order to fix an apparent market value, for the purposes of a claim against the bark.

The items of damages growing out of expenses incident to the auction sale, and for the services of experts employed by the libelant, were erroneously allowed to the libelant by the commissioner, and seem to have been overlooked when the report was before the district court for confirmation. As the case is here upon an appeal by the bark as well as by the libelant, the amount of these allowances should be deducted. With this deduction, the decree of the district court is affirmed, with costs of this court to be taxed against the libelant.